**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph M. SNELLING, Defendant–
Appellant.**

**No. 90–3875.**

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 17, 1991.

Decided Nov. 29, 1991.*

---

* This decision was originally issued as an "unpublished decision" filed on November 29, 1991.

**94**

Gregory G. Lockhart, Office of the U.S. Atty., Dayton, Ohio, (argued and briefed), for U.S.

Lawrence J. Greger, Dayton, Ohio, (argued and briefed), for Snelling.

** The Honorable Edward H. Johnstone, United States District Judge for the Western District of

Before: KEITH and NORRIS, Circuit Judges; and JOHNSTONE, District Judge.**

PER CURIAM.

Joseph M. Snelling ("appellant") appeals the district court's judgment of conviction, sentence and refusal to dismiss an indictment for failure to comply with the Speedy Trial Act, 18 U.S.C. 3161. For the reasons set forth below, the sentence imposed by the district court is vacated and the case is remanded to the district court for resentencing. In all other respects, the decision of the district court is affirmed.

## I.

This case arises from a "reverse buy" in which James Bailey, Ronnie Bailey and Bryant Murphy ("co-defendants") attempted to purchase three kilograms of cocaine from government agents. Appellant arranged a meeting between the government agents and his co-defendants and was charged with intent to distribute three kilograms of cocaine and aiding and abetting such an offense in violation of 21 U.S.C. 841(a)(1), 21 U.S.C. 841(b)(1)(B)(ii), 21 U.S.C. 846, 18 U.S.C. 2, and with two counts of unlawful use of a telephone to facilitate the commission of a felony.

Shortly after an indictment against appellant was returned, the United States suggested that appellant's case be severed due to statements made by appellant implicating his co-defendants. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Four days prior to trial, the district court ordered that appellant be tried separately and continued the trial of his case for a period of eleven days.

When his original trial date passed, appellant moved the court to dismiss the charges against him on the grounds that the United States failed to comply with the mandate of the Speedy Trial Act, 18 U.S.C. 3161. Appellant based his motion on the

Kentucky, sitting by designation.

argument that, after the court was notified that his case should be severed, any excludable time generated by the actions of his co-defendants should not be attributable to him. The motion to dismiss was denied.

At trial, appellant changed his plea of not guilty to one of guilty on the drug charges. In return, the United States agreed to dismiss the charges of unlawful use of a telephone and make a "substantial assistance" motion under 18 U.S.C. 3553(e). Appellant was sentenced to 30 months imprisonment, four years supervised release and a $50 special assessment was imposed. Under the Federal Sentencing Guidelines, ("Guidelines") an initial base level of 28 was utilized. This base level was reduced to 24 due to appellant's acceptance of responsibility and the minor role which he played in the offense.

Three issues are raised in this appeal. First, appellant contends that his right to a speedy trial was violated when the trial of his case began more than 70 days following arraignment. Next, appellant argues that the court erred in assigning a base level of 28 since this base level assumes an attempt to purchase three kilograms of cocaine when the government agents had only one kilogram of cocaine available for sale. Finally, appellant contends that the district court misunderstood the extent of its discretion to depart from the Guidelines in instances where the United States files a 18 U.S.C. 3553(e) motion.

## II.

### A. *Speedy Trial.*

█ 18 U.S.C. 3161 provides that a defendant must be brought to trial within:

... 70 days from the date of the Information or Indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. 3161(h)(1) provides that certain periods of delay shall be excluded from the computation of the speedy trial period. Such excludable time includes time "reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." Under 18 U.S.C. 3161(h)(7), excludable time attributed to any defendant prior to severance is considered excludable time for all co-defendants.

Without detailing the specific motions filed and the date of filing, the record reflects that appellant's co-defendants filed several motions prior to severance. These motions included, *inter alia,* motions for discovery and for relief from detention. The district court took these motions under advisement. 18 U.S.C. 3161(h)(1)(J). At the time these motions were filed and pending, appellant's case had not been severed from the case of his co-defendants. Accordingly, the excludable time attributable to his co-defendants is likewise attributable to appellant. *See United States v. Mentz,* 840 F.2d 315 (6th Cir.1988); *United States v. Keefer,* 799 F.2d 1115, 1122 (6th Cir. 1986); *United States v. Wirsing,* 867 F.2d 1227 (9th Cir.1989). Since the excludable time attributable to appellant exceeds that required to bring his trial date within the period required by 18 U.S.C. 3161, the district court was correct in denying the motion to dismiss.

### B. *Application of Sentencing Guidelines.*

█ Appellant contends that the district court erred in assigning a base level offense of 28 in calculating his sentence under the Guidelines since that base level assumes that the amount of cocaine involved was three kilograms. Appellant argues that a base level of 26 was appropriate since the federal agents who were posing as narcotics salesmen had access to only one kilogram of cocaine.

The court applies a *clearly erroneous* standard in reviewing sentencing decisions of the district court. *United States v. Saenz,* 915 F.2d 1046, 1047 (6th Cir.1990).

Section 2D1.4 of the Guidelines, entitled *Attempts and Conspiracies,* provides:

(a) Base Offense Level: If a defendant is convicted of a conspiracy or an attempt to commit any offense involving a con-

trolled substance, the offense level shall be the same as if the object of the conspiracy or attempt had been completed.

Section 2D1.4 note 1 provides that the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount in a controlled substance offense. In *United States v. Pennell,* 737 F.2d 521 (6th Cir.1984), this court concluded that Congress intended to eliminate the impossibility defense in cases prosecuted under 21 U.S.C. 841(a)(1) and 846 and that a defendant's objective conduct must unequivocally corroborate the required subjective intent to purchase a certain amount of narcotics. Since the negotiated amount in this reverse buy was three kilograms and the co-defendants had sufficient funds at the time of arrest to purchase three kilograms of cocaine, the district court was correct in utilizing a base level of 28.

### C. *Sentencing Discretion.*

██ Appellant's final argument concerns the extent of discretion which the district court has to depart downward from the Guidelines in instances where the Government files a 18 U.S.C. 3553(e) "substantial assistance" motion. Imposing a sentence at the lower end of the Guideline range, the district court determined that a 3553(e) motion allows the court to disregard a statutory minimum sentence but does not give the court unlimited sentencing discretion. Specifically, the district court stated:

I don't feel ... that a substantial assistance motion both removes me from the strictures of the 5-year minimum and, in effect, puts me into a situation where the old law applies where I could give this man anything from probation up to whatever the maximum is.

That's my thinking. I think—you know, let me put it this way: I think I have the right to do it, but still think that I have to get to that point by analyzing from the guidelines. I don't think I have unlimited discretion. I think I have to justify my reduction based upon guideline concepts. That's my understanding of the law; and if I'm wrong, then we've

just given [appellant] another issue to appeal.

18 U.S.C. 3553(e) provides:

Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission....

The extent of a district court's sentencing discretion in instances where the Government has made a 3553(e) "substantial assistance" motion has not been addressed in this Circuit. The United States Court of Appeals for the Fourth Circuit in *United States v. Wilson,* 896 F.2d 856 (4th Cir.1990), however, held that a 3553(e) substantial assistance motion allows a sentencing court to depart completely from the Guidelines. In reaching this conclusion, the *Wilson* court stated:

Under the literal terms of that statute, there is no lower limit placed on the court's authority, and no straining of the statute is necessary to arrive at that conclusion. The provision of 3553(e) that "such sentence shall be imposed in accordance with the Guidelines and Policy Statements issued by the Sentencing Commission ..." does not have any effect on the court's authority to impose merely a probationary sentence, should it be so advised, for the Sentencing Commission has not placed any limit on the amount of a sentence a district court may impose under 3553(e).

The Eleventh Circuit Court of Appeals in *United States v. Pippin,* 903 F.2d 1478 (11th Cir.1990) held that once a substantial assistance motion has been made, the Government has no control over whether and to what extent the district court departs from the Guidelines other than arguing that the sentence imposed is "unreasonable."

In *United States v. Thomas,* 930 F.2d 526 (7th Cir.1991), the Seventh Circuit

Court of Appeals concluded that a 3553(e) motion allows the sentencing court to depart from the Guidelines, but that such a departure must be made in light of Guideline concepts and policy. Further, the court concluded, in a 21 U.S.C. 841(a)(1) case, that a 3553(e) motion allows the sentencing court to disregard a *mandatory minimum* sentence but not a *statutory ban* on probation.

This court agrees with the conclusion reached by the Fourth Circuit in *Wilson.* While expressing no opinion on the reasonableness of the sentence imposed in this case, the district court may completely depart from the Guidelines in instances where the Government files a 3553(e) substantial assistance motion. However, as discussed by the Seventh Circuit in *Thomas,* a departure must be based solely upon the "substantial assistance" rendered by the defendant and the district court cannot impose a sentence which is either specifically prohibited by the statute or unreasonable.

Here, the district court had the authority to depart from the Guidelines and impose a sentence which was reasonable in light of the assistance rendered by appellant. However, since appellant plead guilty to an attempt offense under 21 U.S.C. 846, the object of which was the commission of an offense prohibited by 21 U.S.C. 841(a)(1), the district court is prohibited by statute from imposing a sentence of probation or suspending the sentence entirely. 21 U.S.C. 841(b)(1)(B) ("[n]otwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph.")

### III.

Accordingly, the sentence imposed by the district court is vacated and the case remanded for resentencing consistent with this opinion. In all other respects, the decision of the district court is affirmed.