983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Raymond GETZEN, Defendant-Appellant.
 No. 92-1392.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before MERRITT, Chief Judge and BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Paul Raymond Getzen appeals the sentence that he received after pleading guilty to a charge of conspiracy to import a listed chemical in violation of 21 U.S.C. § 960(d)(2). The chemical was ephedrine hydrochloride, which is listed as a precursor chemical for the production of methamphetamine. Getzen challenges the degree of the downward departure from the Sentencing Guidelines and the extent of the allocution afforded to him prior to sentencing. We affirm.
 
 
 2
 On June 5, 1990, United States Customs agents arrested Paul Getzen on the Blue Water Bridge which extends from Ontario, Canada to Port Huron, Michigan, for driving a van that contained ephedrine hydrochloride. Getzen was later charged with conspiring to obtain and transport 100 kilograms of ephedrine hydrochloride from Ontario, Canada into Michigan.
 
 
 3
 Stephen Konstenius, a Harvard-educated psychologist, was charged as the organizer of the conspiracy.
 
 
 4
 At the time of his arrest, Getzen, who had been a Michigan State Trooper since 1973, had been suspended from his job due to allegations of criminal sexual conduct which had resulted in the filing of unrelated criminal and administrative charges. Getzen was a member of the City Council of St. Ignace, Michigan, and owned some rental property in the area. Getzen was 47 years old and had no prior criminal convictions.
 
 
 5
 Konstenius was a childhood friend of Getzen. Konstenius had established the Institute for Advanced Research in his house in Royal Oak, Michigan, to hide his illegal activities. Konstenius sent quantities of ephedrine hydrochloride from Michigan to a location in California where methamphetamine was manufactured. Konstenius obtained substantial income from the conspiracy, but Getzen received only $300, which he claims that he returned to Konstenius.
 
 
 6
 On April 2, 1991, Getzen and the government entered into a plea agreement pursuant to FED.R.CRIM.P. 11. Getzen agreed to provide information to the government and to testify against Konstenius. In return for this cooperation, the government agreed to recommend that his sentence not exceed four years of imprisonment, notwithstanding a potential guideline range of 19 to 24 years and a statutory maximum of 10 years.
 
 
 7
 In November 1991, the district court accepted the Rule 11 plea agreement and granted Getzen's motion to adjourn his sentencing. Getzen requested the postponement in order to demonstrate substantial assistance to the government prior to his sentencing so that the district court would have a basis upon which to reduce his sentence. The district court also informed Getzen that a recent change in the Sentencing Guidelines reduced the maximum base level offense for possession of a listed chemical from 40 to 28, thereby lowering Getzen's guideline range from 19-24 years to 4-5 years. Thereafter, Getzen testified at the trial of Konstenius and other co-conspirators in accordance with the plea agreement. As favorably noted by the government in a letter to the district court mailed prior to sentencing, Getzen went beyond the scope of the agreement by introducing an undercover agent to David Hutchins, a potential customer for the precursor chemicals, and by securing valuable testimony at Konstenius' trial from Getzen's wife and Patrick Burns, a co-defendant.
 
 
 8
 On March 18, 1992, the district court sentenced Getzen. Both Getzen and the government notified the district court of the extent of Getzen's cooperation with the government in relation to a Sentencing Guidelines § 5K1.1 substantial assistance departure. The government recommended a 24-30 month sentence. Despite this recommendation, the district court concluded that a downward departure greater than the one called for in the plea agreement was not warranted because the value of Getzen's cooperation was not significant. The district court concluded that, as a former police officer, Getzen was expected to provide assistance to the degree that he had cooperated. The district court sentenced Getzen to four years of imprisonment (the maximum allowed under the Rule 11 plea agreement), three years of supervised release, and a fine of $13,479.76.
 
 
 9
 After the district court sentenced Getzen, the government informed the district court that Getzen had not been offered an opportunity to address the court prior to sentencing. The district court noted the omission. Mentioning that Getzen might persuade the district court to change the sentence, the district court invited Getzen to make a statement. After comment by Getzen, his wife, his employer, and both counsel, the district court vacated the sentence. However, the district court imposed the same sentence later that day after concluding that the level of cooperation was very low. Getzen filed timely notice of appeal on March 27, 1992.
 
 
 10
 In regard to our jurisdiction, a question as to the extent of any downward departure within a properly computed range in the Sentencing Guidelines is not appealable. United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir.1991). No jurisdiction exists for appeals "based on factors which the appellant argues should have influenced the degree of a downward departure." United States v. Gregory, 932 F.2d 1167, 1169 (6th Cir.1991). In Gregory, the district court issued a downward departure to 37 months, the lowest point in the guideline range, from the statutory minimum sentence of five years after the government moved for a substantial assistance departure pursuant to Sentencing Guidelines § 5K1.1. Gregory argued on appeal that the district court should have departed further based upon several factors. Id. at 1167-68. This court held that the degree of a trial court's downward departure was not appealable. Id. at 1168-69.
 
 
 11
 In the present case, the district court granted a downward departure of three months below the guideline range of 51-63 months because of the plea agreement. The district court exercised its discretion in refusing to grant a larger downward departure. Based on Gregory, this court will not exercise jurisdiction over Getzen's challenge to the degree of the district court's downward departure.
 
 
 12
 Even if Gregory did not bind this court, the two issues presented by Getzen are without merit. Getzen contends that the district court erred in sentencing him by considering factors other than the nature of his substantial cooperation in arriving at a departure pursuant to Sentencing Guidelines § 5K1.1. Section 5K1.1 permits the district court to depart from the Sentencing Guidelines in cases in which the government has moved for departure based upon assistance by the defendant in the investigation or prosecution of others. Getzen relies largely on United States v. Snelling, 961 F.2d 93, 96-97 (6th Cir.1992), to support his argument that the district court may consider only the defendant's cooperation in imposing a sentence. Getzen argues that the district court cannot apply a higher standard of conduct to former police officers than to ordinary citizens for the purposes of evaluating substantial cooperation relevant to downward departures. Getzen also argues that the district court violated his Fifth Amendment privilege against self-incrimination by stating that Getzen had an "absolute duty" to provide information to the government because he was a police officer.
 
 
 13
 In regard to this argument, we determine that the district court's considerations were in accordance with Sentencing Guidelines § 1B1.4. Background, character, and conduct by the defendant are specifically listed in Section 1B1.4 as factors that may be considered in imposing a sentence. Snelling can be distinguished from the present case. In Snelling, the district court sentenced the defendant within the guideline range, but below the statutory minimum, based on a belief that a section 5K1.1 motion does not authorize the district court to depart below the guideline range. By contrast, in this case, the sentence imposed by the district court was below the guideline range. Moreover, in Snelling, this court did not limit sentencing discretion as much as Getzen contends. Only sentences that are specifically prohibited by statute or are unreasonable cannot be imposed in response to a substantial assistance motion. Id. at 97.
 
 
 14
 Getzen also contends that the district court erred by failing to allow him meaningful allocution prior to the imposition of his sentence. FED.R.CRIM.P. 32(a)(1) mandates that before imposing a sentence, the district court shall "address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." Getzen argues that as in United States v. Pelaez, 930 F.2d 520, 523 (6th Cir.1991), the district court had no intention of reconsidering the sentence imposed before allocution was afforded to the defendant. In the present case, however, the district court decided to adjourn to reconsider the sentence in light of statements made on behalf of Getzen.
 
 
 15
 The district court vacated the sentence after hearing Getzen's allocution. However, the district court then ultimately decided to impose the same sentence that it had intended to have originally. Getzen's right to allocution was not effectively denied merely because the district court imposed the same sentence. If there was any error, it was harmless because the court brought Getzen back for allocution and the sentence was within the plea agreement.
 
 
 16
 In accordance with the preceding discussion, we hereby affirm the sentence imposed by the district court.