991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawe K. MILLER, Defendant-Appellant.
 No. 92-3178.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1993.
 
 Before KENNEDY, MARTIN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Lawe K. Miller appeals from the district court's order sentencing her to forty-six months imprisonment. The issues presented are (1) whether the district court mistakenly believed that its resolution of the government's motion for downward departure based upon substantial assistance was controlled by the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), and (2) whether defendant was entitled to an evidentiary hearing in order to prove that her assistance equalled that of a co-defendant and, therefore, mandated a similar sentence reduction. We decide both issues in the negative and AFFIRM.
 
 I.
 
 2
 Defendant was indicted on January 23, 1991, along with eleven other persons in a thirty-eight count indictment for a conspiracy to distribute crack cocaine. Miller was included in eleven of the counts. On April 9, 1991, pursuant to a plea agreement, defendant pled guilty to one count of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A) and 2. The plea agreement required that defendant testify truthfully and completely as to all matters pertaining to her involvement in and knowledge of the illegal narcotics trafficking, including but not limited to testifying against her co-defendants. In return, the government agreed to drop the remaining charges against defendant. The government also agreed to file a motion for downward departure under U.S.S.G. § 5K1.1, based on defendant's substantial assistance. The plea agreement provided that it was not binding on the court.
 
 
 3
 The statutory penalty for the offense of conviction, violation of 18 U.S.C. § 1956, was twenty years imprisonment, followed by a three-year term of supervised release, a $500,000 fine, and a $50 assessment. The probation department determined a base offense level of 26, with a two-point reduction for acceptance of responsibility, to level 24. With a criminal history category of I, the recommended sentencing range was fifty-one to sixty-three months.
 
 
 4
 The remaining co-defendants pled guilty and defendant was never called to testify. Nonetheless, the government, as agreed, filed a motion for downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), asking the court to reduce defendant's sentence by ten percent.
 
 
 5
 Section 5K1.1 of the Guidelines provides that "[u]pon motion of the government stating that the defendant has provided substantial evidence ... the court may depart from the Guidelines." Section 3553(e) likewise conditions a court's authority to impose a sentence below the statutory minimum upon a government motion. The court followed the recommendations of both the probation department and the government, and departed downward, sentencing defendant to forty-six months.
 
 II.
 
 6
 Before considering the merits of this claim, we must address our jurisdiction over this appeal. Under the Guidelines, a defendant may appeal only under limited circumstances. See 18 U.S.C. § 3742(a). Two of those circumstances are where the final sentence was imposed "in violation of the law," or "as a result of an incorrect application of the sentencing guidelines." Id. at § 3742(a)(1) and (2). A defendant has no right to appeal on the grounds that the sentencing court failed to depart from the Guidelines on account of factors which the defendant believes were not considered by the Guidelines and should reduce her sentence. United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989). By logical extension, this court "[does] not accept jurisdiction over appeals based on factors which the appellant argues should have influenced the degree of a downward departure." United States v. Gregory, 932 F.2d 1167, 1169 (6th Cir.1991) (citing United States v. Pighetti, 898 F.2d 3, 4 (1st Cir.1990)).
 
 A.
 
 7
 In her first argument, defendant contends that the district court misunderstood the extent of its discretion to depart from the Guidelines. Specifically, defendant claims that the district court was unaware of its ability to depart completely from the Guidelines and not to simply follow the departure suggested by the government. Because this issue challenges the district court's application of the Guidelines in imposing defendant's sentence, we have jurisdiction over this claim. See United States v. Dellinger, 92-5409, slip op. at 4 (6th Cir. March 1, 1993) (court of appeals has jurisdiction to review district court's decision that it lacks discretion, as a matter of law, to depart downward).
 
 
 8
 This court has held that a district court may completely depart from the Guidelines where the government files a § 3553(e) substantial assistance motion, provided that the departure is based solely upon the "substantial assistance" rendered by the defendant and the district court does not impose a sentence that is either specifically prohibited by the statute or unreasonable. United States v. Snelling, 961 F.2d 93, 97 (6th Cir.1992) (per curiam) (citations omitted).[1] That the court recognized its ability to depart from the Guidelines in this case is evidenced by the fact that it subtracted five months from the guideline minimum of fifty-one months, resulting in a sentence of forty-six months. There is nothing in the record to indicate that the court felt constrained by the government's motion. Moreover, a ten percent reduction was precisely what defendant agreed to in the plea agreement. Finally, at no time did defendant ever object or otherwise indicate to the court that she felt entitled to a more substantial downward departure than that which had been agreed to by the parties.
 
 
 9
 Defendant's reliance on Snelling, 961 F.2d 93, is misplaced. In Snelling, the sentencing court sentenced the defendant within the guideline range, but below the statutory minimum, because it believed that a § 5K1.1/3553(e) motion did not authorize the district court to depart below the guideline range. Cf. United States v. Hamilton, 949 F.2d 190, 193 (6th Cir.1991) (statement by trial court that it didn't think facts fit guidelines of coercion and diminished mental capacity was not statement that court lacked discretion to depart downward). By contrast, the sentence imposed in this case is below the guideline range. We find no error.
 
 B.
 
 10
 Defendant also contends that her sentence was disproportionate in that the departure was not as great as a co-defendant's. Defendant asserts that she should be afforded a hearing on remand to present evidence establishing why she is entitled to the same degree of departure accorded to her co-defendant for substantial assistance. Because this claim is essentially a challenge to the degree of departure granted by the sentencing court, we do not have jurisdiction over this claim. Gregory, 932 F.2d 1167. Cf. Dellinger, slip op. at 5 (appellate court has no jurisdiction to hear an appeal of a district court's discretionary refusal to depart downward under § 5K1.1).
 
 C.
 
 11
 Assuming arguendo that defendant had some entitlement to a hearing, she waived it by failing to request one below. See United States v. Panitz, 907 F.2d 1267, 1273 (1st Cir.1990) (no evidentiary hearing required where defendant failed to make a sufficient threshold showing that material facts were in doubt).
 
 
 12
 For all of the foregoing reasons, defendant's sentence is AFFIRMED.
 
 
 
 [1]
 Defendant argues that because Snelling was not decided until after the district court sentenced her, we should remand for resentencing. Upon review of the record, we see no necessity