12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dedrick JONES, Defendant-Appellant.
 No. 93-5044.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1993.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Dedrick Jones appeals his conviction and sentence imposed following his plea of guilty to aiding and abetting possession with intent to distribute crack cocaine. His counsel has filed a motion to withdraw under Rule 12(d), Rules of the Sixth Circuit, and a "no merit brief" pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel certified that Jones was served with a copy of the motion to withdraw on July 16, 1993. Jones has not filed a response. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Upon review, we conclude that the appeal is frivolous. The district court did not err in accepting the guilty plea or imposing sentence.
 
 
 4
 Jones pleaded guilty pursuant to a Fed.R.Crim.P. 11 plea agreement. In exchange for his plea, the government agreed to drop a charge of possession of a firearm in relation to a drug trafficking offense. Review of the transcript of the plea proceeding establishes that the guilty plea was voluntary and knowing. See Brady v. United States, 397 U.S. 742, 749 (1970). The district court judge determined that Jones understood the charges, the maximum and minimum mandatory penalties, the rights he was waiving, and the consequences of his plea. Jones further stated that he was pleading guilty because he was in fact guilty of selling crack cocaine. Any assertion by Jones that his plea is invalid is frivolous.
 
 
 5
 Jones's appeal from his sentence is also frivolous. The district court granted a two-level reduction for acceptance of responsibility and denied the government's request for a two-level increase based on the alleged possession of a firearm. After determining a guideline range of 51 to 63 months, to which Jones did not object, the district court imposed the statutory minimum sentence of 60 months' imprisonment and four years' supervised release. Under the circumstances presented in this case, the district court lacked discretion to impose a lesser sentence. See United States v. Snelling, 961 F.2d 93, 96-97 (6th Cir.1991) (per curiam).
 
 
 6
 Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation