**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Willis Tait MIMS, Defendant.**

**No. 02–20029–BC.**

United States District Court,
E.D. Michigan,
Northern Division.

Feb. 19, 2004.

Janet L. Parker, U.S. Attorneys Office, Bay City, MI, for Plaintiff.

Kenneth R. Sasse, Federal Defender Office, Flint, MI, for Defendant.

## OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO REDUCE SENTENCE AND DEPART DOWNWARD

LAWSON, District Judge.

This matter is before the Court on the motion of the government for a downward departure for the purpose of reducing a previously-imposed sentence in order to reflect the defendant's substantial assistance in the investigation or prosecution of another person. The government has brought this motion under the authority of Federal Rule of Criminal Procedure 35(b)(1) and 18 U.S.C. § 3553(e).

The defendant, Willis Tait Mims, pleaded guilty on December 5, 2002 to aiding in the distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a) & (b)(1)(A)(iii), and 18 U.S.C. § 2. Congress has fixed the penalty for that offense at ten years to life in prison, plus a fine of up to $4 million, and a term of supervised release of at least five years. A sentencing hearing was held on April 17, 2003. The Court determined that Mims was accountable for the distribution of 50 to 150 grams of cocaine base, which yielded a base offense level of 32 under the United States Sentencing Guideline Manual. See U.S.S.G. § 2D1.1(c)(4). Mims was given a three-level downward adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1(a) & (b), resulting in a net offense level of 29. Mims' criminal history consisted of several convictions for misdemeanors and petty offenses whereby he accumulated a total of six criminal history points, placing him in criminal history category III. These scores, when entered into the sentencing table, yielded a sentencing range of 108 to 135 months. However, because the offense of conviction carried a statutory mandatory minimum sentence of ten years, the sentencing guideline range became 120 to 135 months. See U.S.S.G. § 5G1.1(c)(2). Mims was sentenced on that date to 120 months in custody, to be followed by five years of supervised release.

On January 13, 2004, the government filed its motion to reduce Mims' sentence. The government alleged that Mims' willingness to testify at the trial of his two co-defendants was a substantial factor in their decision ultimately to plead guilty. The documentation supporting the motion indicated that Mims had debriefed with a gov-

ernment agent as early as June 27, 2002, the day of his arrest. It appears that Mims had been cooperative throughout the investigation and provided evidence that directly implicated two other individuals in significant criminal activity. The government sought a reduction in Mims' sentence by a factor of twenty-five percent, which the government calculated as 30 months, leaving all other aspects of Mims' sentence intact. The defendant filed a memorandum requesting a "significant reduction in the sentence previously imposed." Def.'s Memo. Re: Stipulated Petition for Downward Departure at 2.

The Court held a hearing on the government's motion on February 3, 2004, at which counsel for the parties presented their arguments. The Court learned that Mr. Mims' willingness to testify against the co-defendants became an important aid in the prosecution of those individuals because the informant who had set up the drug transaction had died. In addition, the defendant expressed concern for the welfare of his family because of fear of reprisals for his cooperation.

The Court found that Mims had provided substantial assistance in the investigation and prosecution of others and therefore granted the government's motion. The Court used the government's suggested factor of twenty-five percent to calculate the rate of reduction, but measured that rate from the lower end of the guideline range unrestricted by the statutory mandatory minimum sentence, which no longer applied because of the government's motion. *See* Fed.R.Crim.P. 35(b)(4) (stating that "[w]hen acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute"). The Court also expressed its intention to reduce the term of supervised release from five years to three years, leaving all other conditions of supervised release intact. However, the following colloquy then ensued:

MS. [Janet] PARKER [AUSA]: I don't believe you can do that, your Honor, under the statute. I think you can do it post sentencing, I think in the year after the commencement of supervised release on a motion.

THE COURT: My understanding is that based upon a departure, I can depart not only from the mandatory minimum sentence but also from the supervised release term. Do you believe that there is some law to the contrary?

MS. PARKER: I do believe there's law to the contrary. I don't have it at my disposal because I didn't anticipate this.

THE COURT: Well I'm not going to spring this on you. It's my intention to do so. I would—Mr. Sasse, do you agree with Ms. Parker or are you not informed on this?

MR. SASSE: I'm not informed, your Honor.

THE COURT: All right. Is it something that's readily available or are you going to have to do some digging on it?

MS. PARKER: I recall seeing a case on it, but I would have to dig.

THE COURT: Can you find it for me by Friday and just fax something over?

MS. PARKER: Yes.

THE COURT: This is what I'll do. I'll enter the amended judgment reducing the custodial portion of the sentence to 79 months. If I have the authority to reduce the supervised release to three years I'll do it.

Ms. Parker, you can send me something—and I do appreciate the government's assistance in this regard—if I'm not permitted to do it, I won't do it. But if I am allowed to do it, that's my intention.

I would also reflect for the record that my view of this has been shaped by several conversations with members of our probation department, particularly those charged with the duty of supervision and not only the work load of the probation officers but the efficacy of the continued supervision beyond that three[-]year period under circumstances similar to this. So part of my view is shaped by the desire for the efficient administration of justice.

On the other hand, the court always yields to the pronouncements of Congress in matters such as this, and if the provisions as interpreted by binding authority from superior courts indicate that I do not have the authority to do what I propose to do then it won't be done.

February 3, 2004 Transcript at 9–10.

The Court thus asked the government to submit a short memorandum of the controlling precedents that limited the Court's authority to depart downward for substantial assistance with respect to supervised release. Instead, on February 6, 2004 the government filed a supplemental memorandum arguing that the Court's authority to depart downward for substantial assistance below a statutory mandatory minimum sentence "is derived, if at all, from 18 U.S.C. § 3553(e)," Gov't.'s Supp. Memo. Re: Resentencing of Mims Pursuant to the Gov't's Rule 35 Motion at 2; the statute required a government motion before the court may order a downward departure; the government moved in this case only for a departure of 30 months off Mims' 120–month sentence and no reduction of the supervised release term; and therefore a departure below the government's request is not authorized by Section 3553(e). The government also contends that reducing the term of supervised release violates the notice provisions in Federal Rule of Criminal Procedure 32(h) and *United States v. Kuhn,* 345 F.3d 431 (6th Cir.2003), which require the Court to give the parties notice "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure in either the presentence report or in a party's prehearing submission...." Fed. R.Crim.P. 32(h). Finally, the government asserts that the reduction of the supervised release term would not be based on substantial assistance.

■ The government's arguments must be rejected because they are contrary to the controlling authority. As mentioned earlier, the Court's authority to depart below the statutory mandatory minimum sentence in this case is derived not only from 18 U.S.C. § 3553(e) but also from Rule 35(b)(4). The authority to depart downward after a sentence is imposed is triggered by the government's motion and the departure must "accord[ ] with the Sentencing Commission's guidelines and policy statements." Fed.R.Crim.P. 35(b)(1)(B). However, the extent of the departure is not circumscribed by the recommendation of the government or the defendant. In *United States v. Snelling,* 961 F.2d 93 (6th Cir.1991), the Court of Appeals for the Sixth Circuit followed the Fourth Circuit's lead and held that there is no limit placed on the Court's authority to depart downward once a substantial-assistance motion is filed, except for the statutory restrictions prohibiting a sentence for probation for certain drug offenses and the bounds of reasonableness. *Id.* at 96 (citing *United States v. Wilson,* 896 F.2d 856, 859 (4th Cir.1990)) (holding that "[u]nder the literal terms of [§ 3553(e)], there is no lower limit placed on the court's authority, and no straining of the statute is necessary to arrive at that conclusion"). The Court also cited *United States v. Pippin,* 903 F.2d 1478 (11th Cir.1990), and observed "that once a substantial assistance motion has been made, the Government has no

control over whether and to what extent the district court departs from the Guidelines other than arguing that the sentence imposed is 'unreasonable.'" *Snelling,* 961 F.2d at 96.

■ The specific issue of departing downward with respect to a term of supervised release is addressed by the Sentencing Guidelines Manual, which the government also failed to cite. Section 5D1.2(b) requires the Court to impose a term of supervised release at least as long as the statutorily-mandated minimum term. However, the commentary specifically provides:

> Upon motion of the Government, a defendant who has provided substantial assistance in the investigation or prosecution of another person who has committed an offense may be sentenced to a term of supervised release that is less than any minimum required by statute or the guidelines.

U.S.S.G. § 5D1.2, comment. (n. 3).

■ The government's argument that a downward departure on the supervised release portion of the statute would violate Rule 32(h)'s notice provisions is somewhat confusing, inasmuch as the Court's decision to reduce the supervised release term was suspended precisely to allow the government time to address that issue. Moreover, the language of Rule 32(h), and the focus of the authorities that expound on the notice requirement, is that a party is entitled to advance notice of a *ground* for departure being contemplated by the Court, not the extent of a departure based on that ground. *See Burns v. United States,* 501 U.S. 129, 138–39, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) (holding that "before a district court can depart upward on a ground not identified as a *ground* for upward departure either in the presentence report or in a prehearing submission . . . Rule 32 requires that the district court give the parties reasonable notice. . . . This

notice must specifically identify the *ground* on which the district court is contemplating an upward departure") (emphasis added); *Kuhn,* 345 F.3d at 441 (identifying the ground for downward departure and stating that "the district court erred by not giving notice to the government that it intended to depart *on this basis* ") (emphasis added). The only ground for departure acted on by the Court in this case was the defendant's substantial assistance in the prosecution of other persons. That ground, of course, is the one advanced by the government in its motion; to suggest that the government lacked notice of a contemplated departure on grounds which itself suggested is specious.

■ The Court finds that, based on the government's downward departure motion, the Court has the authority to depart downward below the minimum terms mandated by the applicable statutes for both the custodial and supervised release components of the defendant's sentence. The Court also finds that the defendant provided substantial and important assistance to the government in the prosecution of two co-defendants named in the indictment, especially since he was willing to furnish testimony in the absence of the unavailable (deceased) informant; the defendant's information was complete, truthful and reliable; the nature of the assistance extended not only to furnishing information but also to testifying in a public trial if necessary; the defendant's willingness to testify potentially exposed his family to some measure of risk of retaliation from the confederates of the co-defendants who also reside in the community; and the defendant's cooperation was timely. *See* U.S.S.G. 5K1.1(a)(1)-(5). The Court believes, therefore, that the defendant's substantial assistance warrants a downward departure not only as to the custodial por-

tion of his sentence but also as to his term of supervised release.

The decision to depart downward based on 18 U.S.C. § 3553(e), U.S.S.G. § 5K1.1, or Rule 35(b) must be limited to considerations of substantial assistance to law enforcement. However, once that decision has been made, the reduced sentence nonetheless must reflect the purposes of sentencing set forth by Congress in 18 U.S.C. § 3553(a). The Court has taken those factors into account, especially the need for the sentence imposed, the kinds of sentences and the resources available, and the range for such sentences prescribed the United States Sentencing Commission. The sentence fashioned by the Court is intended to address those statutory factors.

Accordingly, it is **ORDERED** that the custodial portion of the defendant's sentence is reduced from 120 months to 79 months for the reasons stated herein and on the record.

It is further **ORDERED** that the term of supervised release is reduced from five years to three years based upon the same reasons.