**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0699n.06

**No. 08-6484**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Nov 12, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| DUANE FREDERICK ASHER, | EASTERN DISTRICT OF KENTUCKY |
| Defendant-Appellant. | |

_____ /

**BEFORE:** **MARTIN, COLE, and CLAY, Circuit Judges.**

**PER CURIAM.** Defendant Duane Frederick Asher, who pleaded guilty to conspiracy to distribute 100 or more kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 851, appeals his 80 month sentence of incarceration, entered by the U.S. District Court for the Eastern District of Kentucky, on substantive and procedural reasonableness grounds. Defendant alleges that the district court erred by (1) relying on impermissible considerations when determining whether he was entitled to a downward departure for substantial assistance; (2) failing to calculate the applicable guidelines range before determining his sentence; (3) failing to consider his non-frivolous claims in support of a shorter sentence; and (4) failing to adequately explain the rationale for its chosen sentence. For the following reasons, we **AFFIRM** the district court's decision.

**BACKGROUND**

Defendant Duane Frederick Asher was arrested on November 2, 2007, on drug conspiracy charges following a five month investigation by the Drug Enforcement Administration. With assistance of counsel, Defendant pleaded guilty to one count of conspiracy to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846, an offense which carries a mandatory minimum sentence of 120 months in instances where a defendant has a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(B). Defendant was subject to this enhancement because timely notice was provided of a 1994 conviction for conspiracy to distribute marijuana pursuant to 21 U.S.C. § 851. Under the terms of his plea agreement, Defendant consented to the forfeiture of all property and proceeds related to his criminal enterprise under 21 U.S.C. § 853. In addition, Defendant waived his right to appeal his guilty plea and conviction, but expressly retained the right to appeal his sentence.

On December 1, 2008, Defendant was sentenced by the district court to an 80 month term of incarceration, representing a 33 percent downward departure from the statutory minimum sentence. The district court based its downward departure on a § 5K.1.1 motion submitted by the government under seal, describing Defendant's substantial assistance to federal investigators. However, the court declined to grant Defendant an additional departure pursuant to 18 U.S.C. § 3553(a)(1) based on characteristics such as his childhood background, service to the community, and family hardships.

At the conclusion of Defendant's sentencing hearing, the district court provided both parties an opportunity to object to aspects of the proceedings or sentence imposed, consistent with *United*

*States v. Bostic*, 371 F.3d 865 (6th Cir. 2004). Neither party raised objections at that time. Final judgment against Defendant was entered on December 1, 2008, and on December 9, 2008, Defendant filed this timely appeal.

## DISCUSSION

### I.      The Sentence's Procedural Reasonableness

#### A.      Standard of Review

Where, as here, a defendant fails to raise or otherwise preserve procedural objections to a sentence before the district court, appellate review is limited to plain error. *Bostic,* 371 F.3d at 871–73; *see also United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008); *United States v. Herrera-Zuniga*, 571 F.3d 568, 580–81 (6th Cir. 2009).[1]   Under plain error, a defendant must establish  (1) error; (2) that is obvious or clear; (3) affecting his substantial rights as well as (4) the fairness, integrity, or public reputation of his judicial proceedings. *See generally United States v. Wilson*, 614 F.3d 219, 223 (6th Cir. 2010);  *United States v. Davis*, 397 F.3d 340, 346 (6th Cir. 2005);  *Vonner*, 516 F.3d at 386. While steep, this burden is not insurmountable*. See, e.g., Wilson*, 614 F.3d at 223 (reversing sentence on plain error).

#### B.      Analysis

---

[1] Pursuant to *Bostic*, plain error generally applies to procedural errors that were not raised "prior to and during the sentencing hearing," *United States v. Blackie,* 548 F.3d 395, 398 (6th Cir. 2008), yet which could have been corrected "on the spot." *Herrera-Zuniga*, 571 F.3d at 581 n.7.

A sentence is procedurally unreasonable if it fails to calculate or improperly calculates the sentencing guidelines range; treats the guidelines as mandatory; fails to consider pertinent § 3553(a) factors; bases the sentence on clearly erroneous facts; or fails to adequately explain the sentence imposed. *See United States v. Bolds,* 511 F.3d 568, 579 (6th Cir. 2007) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). A sentence will also be considered procedurally unreasonable if the district court fails to address a defendant's non-frivolous arguments in support of a lower sentence. *See United States v. Wallace*, 597 F .3d 794, 803 (6th Cir. 2010).

Defendant in the instant case alleges that the district court (1) failed to calculate the applicable guidelines range when determining his sentence; (2) failed to address his non-frivolous arguments for a downward departure; and (3) failed to explain adequately the rationale for the sentence imposed. We consider each argument in turn.

### 1. Failure to calculate the applicable guidelines range

Defendant argues that the district court failed to calculate his applicable guidelines range; however, we find this argument is without merit. During the sentencing hearing, the district court explicitly stated that the applicable guidelines sentence was the statutory minimum sentence applicable in this case and thoroughly explained the basis for its conclusion. Because the sentencing guideline ranges were explicitly calculated by the district court, no procedural error occurred.

### 2. Failure to address or consider Defendant's non-frivolous arguments in support of a shorter sentence

Defendant next argues that the district court erred by failing to consider his non-frivolous arguments in support of a shorter sentence. However, because Defendant sought leniency based on

his family background and characteristics in a case where a statutory minimum sentence applied,[2] the district court properly denied his motion. When a defendant is subject to a statutory minimum sentence, the ordinary mitigating factors of § 3553(a)(1) do not permit downward departure. *See United States v. Cecil*, 615 F.3d 678, 695 (6th Cir. 2010) ("[A] district court's wish to impose a sentence beneath the mandatory minimum cannot be effectuated through resort to § 3553(a)"); *see also United States v. Hameed*, 614 F.3d 259, 270 (6th Cir. 2010). Rather, courts may not depart below a mandatory minimum sentence "unless the government moves for such a departure under either 18 U.S.C. §§ 3553(e) or 3553(f))." *United States v. McIntosh*, 484 F.3d 832, 835 (6th Cir. 2007).

Although statutory minimum sentences interfere with a district court's ability to exercise discretion and consider § 3553(a) mitigation factors, their constitutionality has been upheld and is not contested in the present action. *See United States v. Wettstain*, 618 F.3d 577, 591–92 (6th Cir. 2010) ("[I]t is well-settled that mandatory minimum sentences, which limit a sentencing court's discretion with regard to § 3553(a) factors, are constitutional.") (internal quotations omitted). Therefore, the court properly denied Defendant's motion as lacking merit.

### 3. Failure to explain the rationale for the sentence imposed

Sentencing judges are required to "make an individualized assessment based on the facts presented, and must discuss all relevant statutory factors to facilitate reasonable appellate review."

---

[2] Defendant was subject to a mandatory minimum sentence here because, as this Court has held, "where a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence." *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) (citing U.S.S.G. § 5G1.1(b)).

*United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009) (citing *Gall,* 552 U.S. at 50) (internal quotations omitted). In addition, a sentencing court "must articulate its reason for choosing a particular sentence, and it must specifically address any argument raised by the defendant at sentencing." *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006). Failure to do so may render a sentence procedurally unreasonable, even where a court's omission only concerns the basis for its chosen departure. *See United States v. Christman*, 607 F.3d 1110 (6th Cir. 2010) (Reversing below-guidelines sentence as an abuse of discretion because court failed to provide sufficient explanation).

In the instant case, the district court properly discussed and considered the § 3553(a) factors, unrelated to mitigation, which influenced its choice of sentence, including the need for the sentence imposed; its promotion of deterrence; the extent to which it protected the public; how the sentence compared to those of others found guilty of similar conduct; and the manner in which it addressed Defendant's need for drug counseling. The court also expressed its opinion that an "80 month sentence would be sufficient but not greater than necessary to achieve the purposes of § 3553(a)(2)." (Sentencing Hr'g at 34).

The sentencing judge also spoke briefly about its decision to grant a downward departure from the mandatory minimum sentence, noting: "I do believe that based upon the information that was provided to the Court in chambers that a reduction of 33 percent from the sentence based upon activities to date would be an appropriate reduction." (Sentencing Hr'g at 34 ). While this discussion was brief, it was consistent with the instruction provided by § 3553(c)(2) concerning motions to depart made under seal or in chambers. In pertinent part, § 3553(c)(2) states: "In the event that the

court relies upon statements received *in camera* in accordance with Federal Rule of Criminal Procedure 32 the court shall state that such statements were so received and that it relied upon the content of such statements." 18 U.S.C. § 3553(c)(2).

Mindful of the fact that § 3553(c)(2) relaxes the requirement that a district court's reasons be provided in open court, we cannot conclude that the district court committed plain error with respect to its explanation for the sentence, or that its explanation was so patently inadequate as to compromise Defendant's right to "meaningful appellate review." *Blackie*, 548 F.3d at 403; *see also Wallace*, 597 F.3d at 807.

Although the court's public statement of reasons was brief, the court provided a lengthier explanation in chambers— noting that, in granting a § 3553(e) petition for downward departure, it would be considering information relating to Defendant's cooperation such as the usefulness, timeliness and significance of the information provided, and whether or not Defendant's assistance had placed his family in danger. The only issue not fully addressed by the sentencing court was how these different factors ultimately weighed into its determination as to the appropriate level of departure, or why it had not selected a higher overall departure range. However, these issues do not implicate the right to meaningful appellate review because the extent of a court's downward departure is not reviewable. Rather, as this Court has held, "[w]hen the district court grants a downward departure for substantial assistance and the defendant's claim on appeal goes only to the extent of the departure, this Court has no jurisdiction over the appeal." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (citing *United States v. Jones*, 417 F.3d 547, 551 (6th Cir. 2005)). Therefore, the district court did not commit clear error.

Because the district court properly calculated the guidelines range; properly determined that Defendant's arguments for leniency were frivolous in light of the applicable statutory minimum sentence; and adequately explained the basis of its chosen sentence given § 3553(c)(2)'s relaxed requirements regarding a public statement of reasons, we find that Defendant's sentence was procedurally reasonable.

## II. The Sentence's Substantive Reasonableness

Once a sentencing decision is found to be procedurally sound, courts consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008). The substantive reasonableness inquiry turns primarily on "whether the length of the sentence is reasonable in light of the § 3553(a) factors." *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008). Courts will also consider whether the district court selected the sentence arbitrarily; based the sentence on impermissible factors; failed to consider pertinent § 3553(a) factors; or gave an unreasonable amount of weight to any pertinent factor. *United States v. Benson*, 591 F.3d 491, 500 (6th Cir. 2010).

In the instant case, Defendant claims that the district court impermissibly considered the nature of his offense when determining what, if any, departure he was entitled to under 21 U.S.C. § 3553(e). As this Court has held, "only factors relating to a defendant's cooperation may influence the extent of a departure pursuant to § 3553(e)." *United States v. Bullard*, 390 F.3d 413, 416 (6th Cir. 2004) (improper to consider a defendant's history or circumstances during § 3553(e) motion); *see also United States v. Hameed*, 614 F.3d 259 (6th Cir. 2010) (improper to consider sentencing guidelines reform); *United States v. Ridge*, 329 F.3d 535, 542 (6th Cir. 2003) (improper to consider

the possibility of a subsequent departure); *United States v. Snelling*, 961 F.2d 93, 97 (6th Cir. 1991) ("departure[s] must be based solely upon the 'substantial assistance' rendered by the defendant") (internal citations omitted). However, a review of the sealed sentencing transcript reveals that the district court selected its downward departure based solely upon the extent of Defendant's cooperation. Therefore, Defendant's sentence is substantively reasonable and no abuse of discretion occurred in this case.

## CONCLUSION

Because we conclude that Defendant's sentence was substantively and procedurally reasonable, we **AFFIRM** the sentence imposed by the district court.