[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 26, 2006
THOMAS K. KAHN
CLERK

No. 05-13774
Non-Argument Calendar

_____

D. C. Docket No. 97-00923-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PIERRE ANDRE COVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 26, 2006)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Pierre Andre Cover, a federal prisoner proceeding pro se, appeals the district

court's denial of his third motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2). He contends for the third time that his sentence should have been reduced pursuant to Amendment 599 of the sentencing guidelines. After review, we AFFIRM.

## I. BACKGROUND

We affirmed the denial of Cover's second motion to reduce his sentence in United States v. Cover, No. 03-13152, slip. op. at 2-4, (11th Cir. Dec. 10, 2003). We adopt the following statement of facts and procedural history from Part I of its opinion:

> On 2 December 1997, Cover and two accomplices, armed with firearms, took control of a NationsBank and held 15 people captive by force and threats of violence. One of Cover's accomplices forced the victims at gunpoint to lie on the floor while the robbery occurred. Cover and one accomplice were immediately apprehended; the other accomplice escaped by carjacking and kidnaping a motorist. Cover was convicted and initially sentenced to a term of 195 months of imprisonment for bank robbery under 18 U.S.C. § 2113(a), (d), and for using a firearm in connection with a crime of violence under 18 U.S.C. § 924(c).
> Cover appealed his sentence and the government cross-appealed. We affirmed Cover's sentence as to all issues, except the weapon enhancement under U.S.S.G. § 2B3.1(b)(2). United States v. Cover, 199 F.3d 1270, 1279 (11th Cir. 2000) (per curiam). We remanded the case so that the district court could apply a six-level weapon enhancement under § 2B3.1(b)(2)(B), rather than the five-level enhancement the district court applied originally under 2B3.1(b)(2)(C). Id. On remand, the district court resentenced Cover

2

to a total term of 211 months of imprisonment.

Cover filed a motion to reduce sentence pursuant to 18 U.S.C. § 35282(c)(2), seeking retroactive application of U.S.S.G. App. C, Amendment 599 (2000) ("Amendment 599") to, inter alia, the weapon enhancement. The district court determined that, had Amendment 599 been in effect at the time of Cover's resentencing, the weapon enhancement would not have been applicable. The district court then applied our Bravo two-step analysis to determine the proper sentence. United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000). The district court first recalculated Cover's sentence under the amended guidelines. Next, the court considered the factors listed in 18 U.S.C. § 3553(a) and determined that the factors in (a)(2) outweighed all the other listed factors. The court referenced the specific facts of the bank robbery and the fact that, while Cover had accepted responsibility for his participation in the offense, "Cover [had] never evinced true remorse. For example, . . . he [had] never assisted the United States in identifying the other perpetrators." Cover appealed this sentence and we dismissed the appeal as untimely.

Cover then filed a second motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), seeking retroactive application of Amendment 599 to the § 2B3.1(b)(2)(B) weapon enhancement. The district court denied Cover's motion "for the same reasons stated in [its earlier order]" denying Cover's first § 3582(c)(2) motion. Cover timely appealed . . . .

(footnote and record citations omitted). In that case, we determined that the

"district court had the discretion to determine whether to reduce Cover's sentence

and did not abuse that discretion by choosing to retain Cover's current sentence."

Id. at 7.

On 31 May 2005, Cover filed the motion for sentence reduction pursuant to

§ 3582(c)(2) that is at issue in this case. In support of his motion, Cover

3

challenged the court's finding that Cover had not evinced true remorse. This finding was one of the district court's previous grounds for denying Cover § 3582(c)(2) relief. Cover alleged that "[t]his scenario had changed" and urged the district court to make a de novo determination of his entitlement to relief in light of Cover's representations that he was "a new and changed person" who had become a "role model in prison" and had "truly repented of his crime." R2-242 at 7-9. Cover also offered to assist the government with "any information about the fugitive man in this case," although he admitted he did not know the fugitive's whereabouts. Id. at 9. The government argued in response that the motion should be denied in light of the § 3553(a) factors. On 20 June 2005, the district court entered an order denying Cover's motion "for the same reasons stated in the Court's Order of April 24, 2001." R2-245 at unnumbered 1.

Cover argues that he should not have received a weapon enhancement to his sentence because it effectively punishes him twice for the same crime. He also contends that the district court failed to consider new law and new facts, citing United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and United States v. Brown, 332 F.3d 1341 (11th Cir. 2003), as well as his expressions of remorse, offers to identify co-criminals who were never caught, and work to rehabilitate himself that were not presented during his first two motions to reduce his

4

sentence.[1]

## II. DISCUSSION

We review the district court's decision to deny a sentence reduction pursuant to 28 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. Vazquez, 53 F.3d 1216, 1228 (11th Cir. 1995). "The abuse of discretion standard has been described as allowing a range of choice for the district court, so long as that choice does not constitute a clear error in judgment." United States v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989), modified on other grounds, United States v. Toler, 144 F.3d 1423, 1425 n.3 (11th Cir. 1998).

United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), holds that, "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert.

---

[1]Cover, in his reply brief, also argues that (1) he could not offer to assist law enforcement officers prior to now because his family was threatened; (2) the district court abused its discretion by setting up a "double standard" that lets his sentence stand; (3) the district court abused its discretion by maintaining a higher sentence to punish him for not assisting law enforcement officers; and (4) the district court abused its discretion because it only considered the punitive portions of 18 U.S.C. § 3553(a) when deciding whether to lower his sentence. We will not address these contentions as arguments not raised in the initial appellate brief are deemed abandoned. United States v. Smith, 416 F.3d 1350, 1352 n.1 (11th Cir.), cert. denied, __ U.S. __, 126 S. Ct. 784 (2005).

denied, __ U.S. __, 125 S. Ct. 2935 (2005) (emphasis in original). Thus, "Booker is inapplicable to § 3582(c)(2) motions." United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005).

Under Title 18, a district court has the discretion to reduce a defendant's sentence when that sentence was based on a guideline range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. Detailed findings as to all the factors in § 3553(a) are unnecessary; "a district court commits no reversible error by failing to articulate specifically the applicability–if any–of each of the section 3553(a) factors as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997).

Section 3553 provides that, in imposing a sentence, the district court must consider factors including (1) the nature and circumstances of the offense; (2) the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with correctional treatment; (3) the kinds of sentences available; (4) the guideline ranges established

6

for the particular crime; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid disparities between defendants' sentences; and (7) the need to provide restitution. 18 U.S.C. § 3553(a).

Guidelines Amendment 599 clarified the policy against double-counting a firearm under 18 U.S.C. § 924(c) and under a weapon enhancement for the underlying offense guideline. See U.S.S.G. App. C., Amendment 599 (2000). In considering a defendant's motion to reduce his sentence pursuant to 18 U.S.C § 3582(c)(2), a district court must engage in a two-part analysis: first, the court must recalculate the sentence under the amended guidelines; second, the court must decide whether, in its discretion, it will choose to impose a new sentence or retain the original sentence. Bravo, 203 F.3d at 780-81.

As all parties concede, Amendment 599 is retroactively applicable to Cover's case. In Brown, we held that Amendment 599 applied to the enhancement the defendant received, but made no ruling regarding the second portion of the Bravo test. Brown, 332 F.3d at 1346.

Turning to Bravo's two-step analysis, the district court did recalculate his sentence in response to his first motion, then denied it because of the severity of the crime and the factors enumerated in 18 U.S.C. § 3553(a). Thus, Cover's claim that he was punished twice for the same crime fails. Looking at step two of the

7

Bravo analysis in Cover's current appeal, the district court properly exercised its discretion in denying Cover's third motion to reduce his sentence. The record shows that the district court did not base its 24 April 2001 decision to deny Cover's first motion merely on Cover's expression of remorse (or lack thereof), but instead noted that

> among the factors listed in § 3553(a) is the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. In light of the circumstances of this case, those factors outweigh all of the other listed considerations.

R2-245 at unnumbered 5. In its denial of Cover's third motion, the district court said that it "had considered the motion, the pertinent portions of the record, and is otherwise fully advised in the premises. It is hereby [ordered and adjudged] that the motion is [denied] for the same reasons stated in the Court's Order of April, 24 2001." Thus, the district court did not abuse its discretion in refusing to reduce Cover's sentence because it specifically referenced its earlier order, which mentioned several considerations that could outweigh Cover's new claims of self-improvement and expressions of remorse. Moreover, Cover's argument that the district court failed to consider his renewed motion is not supported by the record, especially considering the district court required the government to brief its argument in opposition before rejecting Cover's motion. Finally, the language

8

above was sufficient to indicate that the district court had thoroughly considered all the factors in § 3553(a).  See Eggersdorf, 126 F.3d at 1322.

### III.  CONCLUSION

The district court had the discretion to determine whether to reduce Cover's sentence and did not abuse that discretion by choosing to retain Cover's current sentence.  Accordingly, the district court's denial of Cover's third motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), is **AFFIRMED**.