RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0014p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

     *Plaintiff-Appellee,*

  *v.*

GEORGE BOOTH,

     *Defendant-Appellant.*

No. 07-5476

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 06-06034—R. Allan Edgar, District Judge.

Argued: October 30, 2008

Decided and Filed: January 12, 2009

Before: KENNEDY, SUTTON, and McKEAGUE, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Robert H. Dietrick, DUANE MORRIS, Washington, D.C., for Appellant. Christopher D. Poole, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee. **ON BRIEF:** Robert H. Dietrick, DUANE MORRIS, Washington, D.C., for Appellant. Christopher D. Poole, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

_____

**OPINION**

_____

  KENNEDY, Circuit Judge. George Booth appeals a sentence imposed pursuant to the revocation of his supervised release term. The supervised release term was imposed as part of a criminal sentence for drug-related offenses in the Middle District of Florida. He asserts that the United States District Court for the Eastern District of Tennessee lacked jurisdiction to penalize him for violations of this term of supervised release because in granting the Government's Rule 35(b) motion for reduction of sentence, the Florida district

court had eliminated his term of supervised release by failing to restate the supervised release term of the original sentence in its order granting the motion. He argues that the Eastern District of Tennessee was without jurisdiction to revoke a term of supervised release that did not exist. The appellant bases this argument on both the plain language of the order granting the Rule 35(b) motion and on the rule of lenity. The Government rejects appellant's interpretation of the Rule 35(b) order and argues that the language of the order leaves the original supervised release term intact. Additionally, the Government contends that the subsequent actions of the Florida district court reveal an intent to impose the original supervised release period. Finally, the Government argues that the appellant's argument logically "defies acceptance" because of the appellant's history and offense conduct that were considered by the sentencing judge. Because the language of the motion and order are clear, and because the Florida court's later actions confirm its intent to retain the supervised release term, we hold that the supervised release term remained in effect and AFFIRM the sentence imposed by the United States District Court for the Eastern District of Tennessee in its Revocation Judgment.

## BACKGROUND

On July 5, 1990, appellant was arrested at a Florida motel in connection with an attempt to purchase approximately forty kilograms of cocaine and thereafter charged in the Middle District of Florida with (1) conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A); (2) use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). J.A. at 44. On February 11, 1991, appellant pleaded guilty to all three counts. J.A. at 44. On April 17, 1991, the Florida district court determined that appellant had an adjusted offense level of 40, a criminal history category of VI, and a resulting Guideline sentencing range of 30 years to life imprisonment. Accordingly, the district court sentenced him to 55 years of imprisonment. In addition, the district court sentenced him to a five-year term of supervised release, the statutory mandatory minimum as provided in § 841(b)(1)(A).

Thereafter, on March 28, 1996, the United States filed a motion in the Middle District of Florida pursuant to Rule 35(b) requesting that the district court reduce the

appellant's term of imprisonment based upon his post-conviction substantial assistance to the Government. The Rule 35(b) motion made no mention of the five-year term of supervised release imposed at the time of sentencing on April 22, 1991. The motion asked the court to reduce Booth's offense level to 31 which, with a criminal history of VI, would result in a Guidelines range of 188 to 235 months. In a letter attached to the motion, Assistant United States Attorney Robert P. McGregor stated that if the motion were granted, appellant would face approximately eight more years of "actual prison time."

On January, 12, 1998, the district court for the Middle District of Florida granted the United States' Rule 35(b) motion, stating in full as follows:

> Before the Court is the "Government's In Camera Motion for Reduction of Sentence Pursuant to Fed. R. Crim. P. 35(b)" filed on March 28, 1996. Upon consideration, the Motion is GRANTED. The appellant's sentence is reduced by nine (9) offense levels, from level 40 to level 31. The criminal history category remains at level VI. The appellant is sentenced to two hundred and twelve (212) months.
>
> ORDERED in Tampa, Florida, on January 12, 1998.

The effect of this Rule 35(b) order was to reduce appellant's term of imprisonment from 55 years to 212 months. The order was not signed by Judge G. Kendall Sharp, the original sentencing judge. Instead, the motion was submitted to United States District Court Judge Steven D. Merryday, who subsequently signed the order.

On December 10, 2005, Judge Merryday signed an order transferring supervised release to the Eastern District of Tennessee. The Transfer Order states it is for a period of supervised release from January 10, 2006 through January 9, 2011. Judge Curtis L. Collier accepted supervision for the Eastern District of Tennessee. Shortly thereafter, on January 10, 2006, appellant completed his greatly reduced 212-month term of imprisonment and was released by the Bureau of Prisons and placed on supervised release. The supervised released term was scheduled to expire on January 9, 2011, five years after appellant was released. *Id.*

On December 11, 2006, a Petition for Warrant for Offender was filed in the Eastern District of Tennessee based upon appellant's alleged violations of the conditions of his supervised release, and an Amended Petition was filed on December 21, 2006. This

Amended Petition listed the conditions that were allegedly violated, and stated that appellant's criminal history included two bank robbery convictions and convictions for conspiracy to commit bank robbery, conspiracy to commit murder, and bail jumping. It stated that appellant was on supervision for "offenses involving firearms and controlled substances," that appellant's continued drug use presented a risk to the community, and that he was also a risk of flight from supervision. Appellant was arrested and arraigned on March 20, 2007, and a revocation hearing was scheduled. The Dispositional Report prepared for the revocation hearing stated that appellant was serving a five-year term of supervised release that began in January 2006 and expired in January 2011.

The revocation hearing was held on April 10, 2007. At the outset, appellant admitted that he was subject to revocation based upon his possession and use of drugs and admitted that while on supervision he had been charged, pleaded guilty, and been convicted in state court for possession of drug paraphernalia, with a drug possession charge being dismissed. Based on appellant's criminal history for violence, his serious drug problem, and the reduction of his initial sentence, the United States recommended a sentence of sixty months of imprisonment. The district court found that appellant had violated the conditions of his supervised release and revoked the term of supervised release. Taking into account the relevant 18 U.S.C. § 3553(a) factors, the court sentenced appellant to 30 months of imprisonment, to be followed by a thirty-month term of supervised release on the Florida sentence. This term was to run concurrently with the 24 months of imprisonment to which appellant was sentenced based on a violation of a supervised release term imposed in a related case in the Eastern District of Tennessee. The court further recommended the Bureau of Prisons' 500-hour intensive drug treatment program.

In response to the court's request for questions, appellant raised the issue of the order entered in the Middle District of Florida granting the Government's Rule 35(b) motion and sentencing appellant to 212 months of imprisonment. Appellant argued that the Rule 35(b) reduction in the Middle District of Florida was "from 55 years to 212 months" and did not mention any term of supervised release. Appellant personally argued that the order granting the Rule 35(b) motion reduced the "whole sentence" to just 212 months with no term of supervised release. The Tennessee district court disagreed and advised appellant of his right to appeal. In response to the issue raised by appellant regarding the validity of the

supervised release term in the Florida case, the court stated, "The Middle District of Florida sentence included a period of supervised release from January 10, 2006 through January 9, 2011."

## ANALYSIS

### I.  Standard of Review

Appellant argues that the Tennessee district court was without jurisdiction to revoke the term of supervised release imposed by the Florida court.  "[T]he question of whether a district court has jurisdiction to rule upon a petition to revoke a defendant's supervised release after the term of supervised release is alleged to have ended is a question of law that is subject to *de novo* review."  *United States v. Goins*, 516 F.3d 416, 419 (6th Cir. 2008)(quoting *United States v. Sturdivant*, 1999 WL 1204689, at *2 (6th Cir. November 30, 1999)).  Appellant alleges that the Middle District of Florida did not impose a term of supervised release in its order modifying the sentence and that any revocation of the non-existent term of supervised release would be beyond the district court's jurisdiction.  As such, this dispute arises from a determination of law which we review *de novo*.

### II. The Tennessee district court did not err in finding that appellant was on supervised release at the time the court revoked his period of supervised release.

Appellant argues that although the Florida district court had imposed a statutory minimum five-year term of supervised release in the original judgment, the same court later sua sponte nullified the supervised release term when it granted the United States' Rule 35(b) motion and reduced the original term of imprisonment.  On the foregoing facts, we find that the United States District Court for Eastern District of Tennessee did not err in finding that appellant was on supervised release at the time it revoked appellant's period of supervised release.

> *A. The Florida district court's order granted the Government's motion to reduce appellant's term of imprisonment*

Appellant argues that by omitting a reference to supervised release in the plain language of the order, the Florida district court intended to eliminate the term of supervised release it previously imposed on appellant.  We must interpret the language of this order,

however, together with the language of the motion that it granted. We held in *Hendrie v. Lowmaster*, 152 F.2d 83 (6th Cir.1945), that "[t]he meaning of an ambiguous judgment or order 'must be determined by what preceded it and what it was intended to execute.'" (quoting *Union Pacific Railroad Co. v. Mason City & Railroad Co.*, 222 U.S. 237, 247 (1911)). In this case, the order was preceded by a motion that requested a reduction in appellant's term of imprisonment, not his term of supervised release. The order explicitly granted that motion and, as requested, reduced appellant's term of imprisonment. Contrary to appellant's interpretation of the order, the Florida district court did not have before it a motion to reduce or eliminate the term of supervised release, and did not consider whether to reduce or eliminate the supervised release term. In granting the motion, the court reduced the term of imprisonment as requested by the Government and did not alter but rather was silent as to the appellant's term of supervised release.

An examination of the motion in question reveals its limited scope. The motion expressly requested a reduction in appellant's term of imprisonment by nine offense levels. The motion described appellant's assistance to the United States and concluded as follows:

> 5. The Government recommends that Booth's sentence be reduced by nine (9) offense levels, from level 40 to level 31. The Guidelines sentencing range at level 31 with a criminal history of VI would then become 188-235 months.
>
> WHEREFORE, the Government respectfully requests that this Motion be granted.

The motion did not request a reduction or elimination of the supervised release term imposed in the original judgment. In a letter attached to the motion, Assistant United States Attorney Robert P. McGregor made explicitly clear that the requested relief was a reduction in appellant's term of imprisonment. The letter stated that if the motion were granted, Booth would face approximately eight more years of "actual prison time."

The language of the order further contradicts appellant's position. In his order, the district court judge stated, "the Motion is GRANTED." Thus, the language of the order appears to limit its scope to the relief requested in the Rule 35(b) motion. The order did not resentence appellant, but granted the relief that the motion explicitly requested. Thus the term of supervised release, imposed in the original judgment and not addressed in the motion

or order, remained in effect.  The United States' Rule 35(b) motion and the order granting the motion are, on their faces, expressly limited to a reduction in the term of imprisonment and they provide no support for appellant's position.

The Second Circuit, presented with an issue similar to that which we face in the present case, held in *United States v. Spallone* that a district court's order sentencing defendant to "time served" but failing to mention previously imposed supervised release and restitution obligations did not eliminate or modify these aspects of the original sentence. 399 F.3d 415, 425 (2d Cir. 2005).  In reaching this conclusion, the court observed that "the primary—often singular—concern of the parties and the court when applications are made for sentence reductions [whether presented as pre-sentence motions for departure from the Sentencing Guidelines or post-judgment motions under Rule 35(b)] is the term of incarceration" rather than the supervised release term or restitution obligation because "the very fact that a defendant will be subject to these non-incarceratory conditions may actually enhance the likelihood of a defendant securing a reduction in his term of confinement." *Id.* at 425.  In light of this reality, the court reasoned that, "a reviewing court should proceed cautiously in assuming that a Rule 35(b) order reducing a defendant's prison sentence to time served also implicitly vacates all other punishments stated in the judgment of conviction, including supervised release and restitution." *Id.* at 425.  Additionally, the court in *Spallone* found that the fact that the district court proceeded in the form of an order rather than an amended judgment indicated that the judge's use of the term "sentenced" did not have the "sweeping effect" of modifying the supervised release and restitution obligations. *Id.* at 426.  As such, the court held that "[w]here an order is silent on a form of sentencing relief that was neither raised nor argued, and particularly where that form of relief is not routinely the focus of Rule 35(b) applications, we will not construe an ambiguity in the order to reach that issue." *Id.* at 426.

We find the reasoning employed by the Second Circuit in the factually similar *Spallone* instructive in appellant's case.  Here, as in *Spallone*, Judge Merryday chose to issue an order rather than an amended judgment.  Neither the Government's Rule 35(b) motion nor Judge Merryday's order indicates that reduction of appellant's supervised release obligation was contemplated.  Further, appellant failed to file any request to vacate his supervised release term in conjunction with the Government's motion.  Absent evidence of

any intent by the court or the parties to address appellant's supervised release term, we cannot conclude that the order sua sponte eliminated his non-incarceratory obligation.

Appellant argues that under Eleventh Circuit law (under which Judge Merryday operated), a district court must engage in a two-part analysis when deciding a Rule 35(b) motion to reduce sentence: "First, the court must recalculate the sentence under the amended Guidelines; second, the court must decide whether, in its discretion, it will choose to impose a new sentence or retain the original sentence." *United States v. Cover*, 164 F. App'x 885, 889 (11th Cir. 2006)(citing *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000)). Appellant argues that because Judge Merryday, having these two options, did not retain the original sentence, he must have imposed a new sentence that did not include the supervised release term. This argument fails, however, because *Cover* applies only to a modification of a term of imprisonment under 18 U.S.C. §3582(c)(2) (based on a subsequently lowered Guidelines range), not to a Rule 35(b) motion for reduction of sentence. The language from *Cover* cited by appellant is therefore inapplicable here.

Appellant relies on the canon of construction *expressio unius est exclusio alterius*, meaning "the expression of one thing implies the exclusion of another thing," to support his interpretation of the order. *See Equal Employment Opportunity Commission v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1362 (6th Cir. 1975)(citation omitted). This canon, however, supports appellant's interpretation only if Judge Merryday's one-page order in fact constitutes a "new sentence," a proposition which we have rejected above. As we have determined that the order simply grants the Government's motion and does not impose a new sentence, *expressio unius* instead works to appellant's detriment. If we accept the order for what it purports to be, that is, a simple order granting the government's motion as requested, then pursuant to *expressio unius*, the express mention of a reduction in the term of imprisonment impliedly excludes the reduction of any other term of the original sentence.

Appellant also attempts to apply the rule of lenity to support his case. He argues that, to the extent the order reducing sentence is ambiguous, the rule of lenity should be applied to construe it in his favor. He argues that the language of the order was ambiguous because it was "substantively identical" to the language found to be ambiguous in *Spallone*. Appellant's Letter Brief at 2 (citing *Spallone*, 399 F.3d at 424). We need not determine

whether or not the language here was ambiguous, however, because the rule of lenity is inapplicable in this context. While appellant notes that the Second Circuit did not address the rule of lenity in *Spallone*, he fails to acknowledge that the reason for this omission was presumably the irrelevance of the rule of lenity to the situation presented in *Spallone* and in this case. Courts apply the rule of lenity to resolve ambiguities in favor of a defendant when a criminal *statutory* term is ambiguous and cannot be clarified by the statute's history or structure. *See United States v. Jackson*, 401 F.3d 747, 750 (6th Cir. 2005). Appellant cites no authority for the proposition that the rule of lenity may be applied to resolve ambiguity in a *judgment or order*. Even if the order were ambiguous, the rules of construction applicable to judgments and decrees would instruct us to resolve the ambiguity by looking at "the intent and purpose of the court." *See Spallone*, 399 F.3d at 424; 50 C.J.S. Judgments § 534. Consideration of the order's purpose would compel the construction applied by Judge Edgar, i.e., that Judge Merryday did not implicitly vacate the term of supervised release originally imposed when he granted the Government's motion to reduce the term of imprisonment.

### B. Transfer of supervision over this case by the sentencing judge reveals the Florida court's intent to retain the supervised release term

If the language of the motion and order leave any doubt as to the effect of the Florida district court's granting of the Government's motion, the Florida district court's later actions evidence its intent in granting the motion and further contradict appellant's position.

At the time of appellant's release from prison, Judge Merryday, the same judge who granted the motion reducing the term of imprisonment, transferred supervision of appellant's five-year supervised release term to the Eastern District of Tennessee. This action reveals an intent on the part of Judge Merryday at the time he granted the motion to retain the term of supervised release from the original judgment. If, in granting the motion, Judge Merryday had intended to nullify appellant's term of supervised release, he would not have thereafter transferred the period of supervised release to Tennessee. Instead, this transfer reveals that Judge Merryday was acting in conformity with the court's prior judgment, which imposed a statutory mandatory five-year minimum of supervised release, and which remained in effect at the time appellant completed his term of imprisonment. Appellant's argument is thus contradicted by the actions of the Florida district court after his release.

*C.  Interpreting the order as imposing a lengthy term of imprisonment without a supervised release term would be unreasonable in light of the sentencing considerations before the district court*

As the appellant correctly argues, we have held that a district court may depart from the Sentencing Guidelines where the Government files a "substantial assistance" motion to reduce a defendant's sentence. *United States v. Snelling*, 961 F.2d 93, 97 (6th Cir. 1991). This court has also held, however, that in departing from the Guidelines, a district court may not impose a sentence which is either specifically prohibited by statute or unreasonable. *Id.* While the relevant statute does not specifically prohibit eliminating the supervised released term, no reasonable interpretation of Judge Merryday's order would permit the argument that Judge Merryday imposed no term of supervised release and was imposing only a term of imprisonment in view of the criminal violations before him. *See Spallone*, 399 F.3d at 425-26.

In this case, the Florida district court had the authority to depart from the Guidelines and impose a sentence which was reasonable. *Snelling*, 961 F.2d at 97. The appellant in this case was an Armed Career Criminal with numerous violent felonies who was originally sentenced to a term of 55 years of imprisonment and to a statutory minimum five-year term of supervised release. J.A. at 103. The motion that Judge Merryday had before him made clear that Booth had an adjusted offense level of 40, a criminal history category of VI, and a resulting Guideline sentencing range of 30 years to life imprisonment. Even absent the intent evident in Judge Merryday's subsequent Transfer Order, the sentencing considerations before Judge Merryday make it unreasonable for us to conclude that he intended to return appellant to the community without any supervision after a term of over seventeen years of imprisonment. While not bound by the Guidelines in ruling on the Rule 35(b) motion, it would be a considerable departure for a court to completely eliminate a supervised released term when the Guidelines range of the original sentence mandates a court to impose, at minimum, five years of supervised release. Certainly the goals of sentencing, including protecting the public from "further crimes of the defendant" and providing defendants with "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner" could not be fulfilled by nullifying appellant's period of supervised release. *See* 18 U.S.C. § 3553(a).

**CONCLUSION**

We **AFFIRM** the ruling of the United States District Court for the Eastern District of Tennessee and conclude that appellant was serving a five-year period of supervision on his Middle District of Florida conviction at the time of revocation.