NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0068n.06

No. 12-3214

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 15, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| RAFAEL HERNANDEZ-CARRILLO, aka | ) | THE SOUTHERN DISTRICT OF |
| Gabriel Torres Olivieri, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MARTIN, SUHRHEINRICH, and COLE, Circuit Judges.

PER CURIAM.  Rafael Hernandez-Carrillo, a pro se federal prisoner, appeals a district court's amended judgment, which followed our decision vacating one of his convictions.

Following a jury trial in 2009, Hernandez-Carrillo was convicted of conspiring to possess with the intent to distribute over 1,000 kilograms of marijuana, *see* 21 U.S.C. §§ 841(a)(1) and 846, and engaging in a continuing criminal enterprise.  *See* 21 U.S.C. § 848(a) and (b).  The district court sentenced Hernandez-Carrillo to 360 months of imprisonment for the conspiracy conviction and life in prison for the criminal enterprise conviction.

On appeal, Hernandez-Carrillo argued, among other things, that his conspiracy conviction constituted double jeopardy because conspiracy is a lesser included offense of engaging in a criminal enterprise.  The government and this Court agreed.  We thus vacated Hernandez-Carrillo's conspiracy conviction, affirmed his conviction for engaging in a criminal enterprise, and remanded the case to the district court.  On remand, the district court amended Hernandez-Carrillo's judgment

by vacating his sentence for the conspiracy conviction and dismissing, with prejudice, the conspiracy count from the indictment.

Hernandez-Carrillo timely filed a notice of appeal. On appeal, Hernandez-Carrillo argues that: (1) the dismissal of the conspiracy count resulted in a defective indictment with respect to the count for engaging in a criminal enterprise; (2) the jury instructions were improper with respect to the criminal enterprise count; (3) the district court vacated his remaining forfeiture counts; and (4) the district court should have issued an injunction prohibiting his removal from the United States following his release from prison.

Issues one, two, and four are not properly before this Court. By failing to raise these issues with the district court, Hernandez-Carrillo has waived his right to have these issues addressed on appeal. *See Vance v. Wade*, 546 F.3d 774, 781 (6th Cir. 2008).

Further, with regards to issue four, Hernandez-Carrillo agreed with the government's request for the sentencing order to include a directive that if he was ever released from prison, he would be turned over to Immigration and Customs Enforcement for deportation. Under the doctrine of invited error, Hernandez-Carrillo cannot now "complain of the error on appeal unless that error would result in manifest injustice." *See United States v. Demmler*, 655 F.3d 451, 458 (6th Cir.), *cert. denied*, 132 S. Ct. 794 (2011). He fails to demonstrate any manifest injustice that would warrant consideration by this Court.

Hernandez-Carrillo's final assertion that the forfeiture counts should be dismissed because the district court did not mention them in its amended judgment is without merit. The amended judgment reflects our decision regarding the two counts addressed in our original order. Our decision cannot be reasonably interpreted as intending to vacate the forfeiture counts, which we did not address in Hernandez-Carrillo's original appeal. *See United States v. Booth*, 551 F.3d 535, 539 (6th Cir. 2009).

The district court's amended judgment is affirmed.