[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13378

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN LOUIS SUTTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:12-cr-00301-TPB-SPF-2

_____

Before JILL PRYOR, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Shawn Sutter appeals his sentence imposed upon the revocation of his supervised release. He argues that the district court lacked jurisdiction to revoke his supervised release because he was not serving a term of supervised release that the district court could revoke. After careful review, we affirm.

## I.

While on supervised release for a previous conviction, Sutter pled guilty to one count of conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a substance containing methamphetamine, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(A)(viii). The district court sentenced him to 240 months' imprisonment for the new charge and 37 months' imprisonment for the violation of the terms of his supervised release, to be served consecutively. The court ordered that Sutter's 240-month term of incarceration be followed by 10 years of supervised release.

Years after his sentencing, the government filed a Rule 35(b) motion based on Sutter's substantial assistance in a state prosecution. At a hearing on the motion, at which Sutter was present, the government sought "a three-level reduction" in Sutter's Sentencing Guidelines calculation. Sutter, in turn, sought an additional

two-level "adjustment" under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Guidelines, which reduced the base offense level for a subset of drug offenses. See United States v. Marroquin-Medina, 817 F.3d 1285, 1288 (11th Cir. 2016). Sutter requested that his sentence be reduced to time served. At the hearing, Sutter testified that he had provided assistance to the government in several state and federal cases. A second witness, a friend of Sutter's, testified that he would be willing to employ Sutter near Washington, DC, upon his release. Sutter noted that he had completed classes while in prison and wished to turn his life around.

The district court granted the Rule 35 motion and the § 3582(c)(2) motion based on Amendment 782. The court reduced Sutter's sentence to 100 months' imprisonment with credit for time served, this time to run concurrently to the 37-month sentence for the violation of his supervised release. The court also recommended that Sutter be transferred from the federal penitentiary in Atlanta to a facility closer to the DC area that would provide him with more opportunities, including vocational training, education, and substance abuse treatment. The court advised Sutter of his right to appeal. The court did not mention supervised release at the hearing, but in its written amended judgment the court listed the 100-month prison term and 10 years of supervised release.

After serving the reduced term of incarceration, Sutter began—according to the government—serving his term of supervised release. Less than two years later, the probation office petitioned the district court for revocation of Sutter's supervised

release, citing, among other things, his arrest for state charges of trafficking in methamphetamine. In anticipation of the revocation hearing, the probation office issued a sentencing recommendation in which it calculated his guidelines range as 46 to 57 months' imprisonment and recommended that he be sentenced to 57 months.

Sutter moved to dismiss the alleged violation of his supervised release, arguing that the district court lacked jurisdiction to order his detention. He contended that the hearing on the government's Rule 35(b) motion resulted in his resentencing and that, when the court resentenced him to 100 months' imprisonment, it failed to include a term of supervised release. Since he was not under a term of supervised release, Sutter argued, the court had no jurisdiction to order the revocation of supervised release or his detention. Sutter acknowledged that the district court's amended written judgment provided for a 10-year term of supervised release but argued that the court's written pronouncement conflicted with its oral pronouncement and that the oral pronouncement must control.

The district court rejected Sutter's arguments and denied his motion, concluding that the Rule 35(b) hearing was not a resentencing proceeding and that Sutter was presently on supervised release.[1] After taking evidence on the alleged violations, the district

---

[1] The district court alternatively concluded that Sutter's motion to dismiss was an unauthorized second or successive 28 U.S.C. § 2255 motion because Sutter

court adjudged Sutter in violation of the terms of his supervised release, revoked his supervised release, and sentenced him to 48 months' imprisonment.

This is Sutter's appeal.

## II.

We review *de novo* a district court's determination regarding its jurisdiction. *United States v. McIntosh*, 704 F.3d 894, 900 (11th Cir. 2013). We also review *de novo* "the legality of a sentence, including a sentence imposed pursuant to revocation of supervised release." *United States v. Cunningham*, 800 F.3d 1290, 1291 (11th Cir. 2015).

## III.

Sutter argues that the district court erred in denying his motion to dismiss the alleged violation of supervised release. As he argued in the district court, Sutter contends that the Rule 35(b) hearing was a resentencing hearing. Because the district court did not pronounce a term of supervised release at that hearing, Sutter says, the court did not impose one. Recognizing that the court's later written amended judgment provided for a 10-year term of

---

had already filed two § 2255 motions. We disagree: Sutter moved to dismiss the alleged violation of supervised release, the district court denied the motion, and we have jurisdiction on appeal from the imposition of supervised release to consider the court's disposition of Sutter's motion. In any event, our disagreement does not affect the outcome of this decision because we agree with the district court's alternative merits determination.

supervised release, Sutter argues that because that pronouncement conflicted with the oral pronouncement at the resentencing, the oral pronouncement must govern. For these reasons, he argues, he was not on supervised release when the probation office petitioned for revocation, and so the district court was without jurisdiction to detain him and revoke supervised release. We reject his argument.

We have not expressly held that a Rule 35(b) substantial-assistance hearing cannot result in an entirely new sentence. But the language of the rule itself does not seem to provide for a full resentencing. *See* Fed. R. Crim. P. 35(b) (permitting a district court to "*reduce* a sentence" based on a defendant's substantial assistance (emphasis added)). Further, albeit in a different context, we have said that "a Rule 35(b) reduction does not constitute a resentencing where an old sentence is invalidated and replaced with a new one." *Murphy v. United States*, 634 F.3d 1303, 1314 (11th Cir. 2011) (holding that a Rule 35 reduction does not affect the statute of limitations to file a motion to vacate under 28 U.S.C. § 2255). In *Murphy*, we explained that because the government's Rule 35 motion is a matter of leniency or grace, "it is impossible for the [] validity of the underlying conviction, and, indeed, of the sentence itself to be at issue in a Rule 35(b) proceeding." *Id.* at 1313 (internal quotation marks omitted). "If the validity of the underlying . . . sentence cannot be at issue in a Rule 35(b) proceeding, it makes no sense to say that a Rule 35(b) reduction constitutes a genuine 'resentencing' that gives rise to a new 'judgment.'" *Id.* "Instead, a defendant imprisoned by a sentence that has been reduced under Rule 35(b) is

still serving the original, valid, and final judgment of conviction and sentence." *Id.*

Motions for a reduction under § 3582(c)(2) are similar. The text of the statute provides that a "court may *reduce* the term of imprisonment" based on an amendment to the Guidelines. 18 U.S.C. § 3582(c)(2) (emphasis added). And, when considering whether a § 3582(c)(2) reduction restarts the § 2255 statute of limitations, we have held that "[a] sentence reduction pursuant to § 3582(c) does not constitute a *de novo* resentencing, but instead effects only a limited adjustment to an otherwise final sentence" and thus is "not a plenary resentencing proceeding." *Armstrong v. United States*, 986 F.3d 1345, 1351 (11th Cir. 2021).

We are bound by *Murphy* and *Armstrong*, under which the hearing in Sutter's case was not a resentencing. *See United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016) (explaining that under our prior panel precedent rule, we are bound to follow a prior binding precedent unless we overrule it en banc or the Supreme Court overrules or abrogates it).

Even assuming, however, that *Murphy* and *Armstrong* did not establish a bright-line rule that the proceedings at issue here could not constitute a resentencing, we conclude that Sutter's Rule 35(b) hearing did not result in his resentencing. The Sixth Circuit's decision in *United States v. Booth*, 551 F.3d 535 (6th Cir. 2009), is instructive. In that case, a defendant was serving a term of imprisonment to be followed by a term of supervised release when the government filed a Rule 35(b) motion. *Id.* at 536. Without

mentioning the supervised release term, the district court granted the government's motion. *Id.* at 536–37. After serving his reduced term of imprisonment, the defendant began serving a term of supervised release. *Id.* at 537. The probation office petitioned for revocation of supervised release based on alleged violations of the terms of the defendant's release. *Id.* In response, the defendant argued that he was not serving a term of supervised release because the district court in the Rule 35(b) proceeding reduced his "whole sentence" to a lower term of incarceration and no supervised release. *Id.* at 538.

The district court rejected the defendant's argument, and the Sixth Circuit affirmed. *Id.* The court explained that because the government's Rule 35(b) motion did not ask for a reduction or elimination of the defendant's term of supervised release, the "district court did not have before it a motion to reduce or eliminate the terms of supervised release." *Id.* at 538–39. Looking to the "language of the [court's] order"—that the "Motion is GRANTED"—the court determined that the order "limit[ed] its scope to the relief requested in the Rule 35(b) motion" and "did not resentence" the defendant. *Id.* at 539. "Thus the term of supervised release, imposed in the original judgment and not addressed in the motion or order, remained in effect." *Id.*

Applying *Booth*'s logic here leads to the same result. Although the Rule 35(b) motion is not in the record on appeal, at the hearing on the motion the government requested a "reduction" to

21-13378                Opinion of the Court                9

Sutter's guidelines level.[2] And Sutter requested an "adjustment" to his guidelines level under § 3582(c)(2). So, as in *Booth*, the "district court did not have before it a motion to reduce or eliminate the terms of supervised release." *Id.* at 539. This means that when the district court "grant[ed]" the two motions before it, the relief the court ordered was limited to reducing the term of Sutter's incarceration, and the original term of supervised release remained in effect. *See id.* at 539.

Sutter nonetheless argues that his case is different because the district court held an in-person hearing at which he was present, orally pronounced a change in prisons, recommended certain programs, and told him of his right to appeal. We do not think these differences are material. First, the district court can only recommend a change in facilities and participation in certain programs—those changes are ultimately up to the Department of Corrections. Second, "a Rule 35(b) modification creates a separate right to appeal" not because it is a resentencing, but because it is "distinct[] from the sentence itself." *United States v. Hardman*, 778 F.3d 896, 902 (11th Cir. 2014). Third, it is true that the district court in *Booth* did not conduct an in-person hearing as the court did here. But the mere fact that the district court held a hearing and permitted Sutter to be present for the modification proceedings—when

---

[2] Despite relying heavily on *Booth* in his argument on appeal, Sutter does not represent or argue that the Rule 35(b) motion in his case was distinguishable from the one in *Booth*, in that it did not ask for a reduction or elimination of the term of supervised release

neither a hearing nor his presence was required—does not transform the hearing into something it otherwise was not.

In short, Sutter's Rule 35(b) proceedings did not result in a resentencing. *See United States v. Spallone*, 399 F.3d 415, 425 (2d Cir. 2005) (considering "the totality of circumstances" in determining whether the district court intended to resentence the defendant upon the government's Rule 35(b) motion and concluding that the district court did not intend to eliminate the defendant's term of supervised release).

That leaves the question of whether the district court's failure to orally pronounce the 10-year term of supervised release at the Rule 35(b) hearing rendered that portion of his sentence null. It does not. As we explained above, "a defendant imprisoned by a sentence that has been reduced under Rule 35(b) is still serving the original, valid, and final judgment of conviction and sentence." *Murphy*, 634 F.3d at 1313. This means Sutter was still serving his original sentence—including his 10-year term of supervised release—after the Rule 35(b) modification. To the extent the district court's failure to re-state orally that Sutter was subject to a term of supervised release created an ambiguity as to his sentence, that ambiguity was resolved by the court's written amended judgment, which included the term of supervised release. Sutter has it backwards when he argues that an oral sentencing pronouncement trumps a written judgment. *See United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983) (explaining that, "[w]hen there is an ambiguity in the oral sentencing, as opposed to a conflict between the

oral pronouncement and the written judgment," we examine the written judgment to determine the district court's intention in sentencing the defendant).

## IV.

The district court validly revoked Sutter's supervised release; therefore, we affirm.

**AFFIRMED.**